**In re Martin COHEN, Debtor.**

**Frank PERINO, Plaintiff,**

v.

**Martin COHEN, Defendant.**

**Bankruptcy No. 87B30122.**

**Adv. No. 87–7018.**

**No. 89 Civ. 7128–CLB.**

United States District Court, S.D. New York.

Nov. 29, 1989.

---

See also, Bkrtcy., 98 B.R. 179.

Howard Schell Reilly, Mid–Hudson Legal Services, Inc., Poughkeepsie, N.Y., for plaintiff.

Chester G. Krom, Kingston, N.Y., for defendant.

## MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

By motion fully submitted to this Court for decision on November 21, 1989 after a hearing, plaintiff Frank Perino moves for a withdrawal of the reference pursuant 28 U.S.C. § 157(d) and Bankruptcy Rule 5011, to permit a jury trial of his tort claim against the Debtor to be held before a district judge.

The Debtor in this proceeding under Chapter 7 of the Bankruptcy Code was the individual owner and operator of a restaurant in Woodstock, New York, known as the Cafe Expresso.

Plaintiff claimed that prior to filing the proceeding, the Debtor discriminated against him, in violation of Article 15 of the Executive Law of the State of New York. The plaintiff contends, and we assume for purposes of this motion, that on December 12, 1982, at approximately 1:00 P.M., plaintiff who alleges that he is a blind person, together with his wife and his guide dog "Mountain," entered the Cafe Expresso and sat down at a table. A waitress told them that the Debtor had instructed her to inform plaintiff that he could not be served because he had his dog present. Plaintiff further claims that when he protested that under the law he was permitted to have his guide dog present, the Debtor told him to "Get that house pet out, you're not blind." Thereafter, plaintiff left the restaurant, as he had been instructed to do by the Debtor.

A reprise of this scene occurred again on January 11, 1983. Debtor again declined to serve the plaintiff at the restaurant because of the presence of the guide dog. The local police were summoned by the Debtor, and joined in asking plaintiff to leave.

The Debtor denies the plaintiff's version of the facts. For a discussion of related proceedings concerning this dispute see *In re Cohen*, 92 B.R. 54 (Bankruptcy S.D.N.Y. 1988), an opinion by Judge Berk declining to give preclusive effect to an administrative order for money damages obtained on default by plaintiff against the Debtor be-

fore the New York State Division of Human Rights.

At present, plaintiff, who has filed a claim, wishes to litigate the underlying disputed facts, obtain adjudication that he was discriminated against because of his disability, in violation of Sections 296(2)(a) and 296(14) of the New York Executive Law, and to recover damages and punitive damages. Plaintiff asserts, and we assume, that upon a finding of willful or malicious conduct on the part of the Debtor, all or part of the damages which might be recovered would not be dischargeable in Bankruptcy under 11 U.S.C. § 523(a)(6).

■ This is a tort claim for a violation of a statutory duty. It is clearly a legal claim, rather than an equitable claim, and seeks to enforce a private right. This is exactly the sort of claim which would be tried at common law before a civil jury. I conclude that plaintiff is entitled to a jury trial. See generally, *Granfinanciera v. Nordberg*, — U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

Congress responded to the decision of the Supreme Court in *Northern Pipeline Co. v. Marathon Pipe Line Company*, 458 U.S. 50, 80–81, 102 S.Ct. 2858, 2876–77, 73 L.Ed.2d 598 (1982), by dividing bankruptcy proceedings into core and non-core proceedings. With exceptions not applicable here, the statute contemplates exercise by a bankruptcy judge of judicial power over both core and non-core proceedings, subject to an informed and final decision by the district court. See 28 U.S.C. § 157(a) and (c).

The statute contemplates that if a jury trial is required in core proceedings affecting the Debtor, it can be conducted in the Bankruptcy Court. This implication follows generally from 28 U.S.C. § 157, and particularly from § 157(b)(2)(B) and (5) which exclude "personal injury tort or wrongful death claims" which must be tried in the district court.

This tort claim for a statutory violation of a New York State anti-discrimination law does not fall within the above quoted federal statutory exclusion. This is not a claim for a "personal injury tort" in the traditional, plain-meaning sense of those words, such as a slip and fall, or a psychiatric impairment beyond mere shame and humiliation. The Supreme Court has repeatedly held that " '[a]bsent a clearly expressed legislative intention to the contrary, [statutory] language must ordinarily be regarded as conclusive.' " *Escondido Mut. Water Co. v. LaJolla Indians*, 466 U.S. 765, 772, 104 S.Ct. 2105, 2110, 80 L.Ed.2d 753 (1984), *quoting North Dakota v. United States*, 460 U.S. 300, 312, 103 S.Ct. 1095, 1102, 75 L.Ed.2d 77 (1983). There is no legislative history that would bring this plaintiff's claim for a tort without trauma within the statutory exception for a personal injury tort. *See, U.S. Code Congr. & Admin.News*, 1984, at 576 *et seq.* On the contrary, the legislative history indicates that Congress intended this exception for a "narrow range" of claims. *Id.*, Statement of Congr. Kastenmeier at 580. The same legislative history is relevant to 28 U.S.C. § 1411, which mentions the right to a jury.

■ This case is directly related to plaintiff's unliquidated claim as a creditor in the bankruptcy proceedings because of the need to determine liability and damages, as well as the need to resolve the issue of whether the alleged tortious conduct was "willful and malicious" and dischargeable or not. The Bankruptcy Court may and should conduct the jury trial because judicial efficiency and fairness to both parties will be served if the entire controversy, as to liability, damages and dischargeability, is adjudicated by one judicial officer in one proceeding. The Bankruptcy Judge should be that officer. The Seventh Amendment provisions, and cases decided thereunder, limiting the power of any federal court to modify or disregard a jury verdict, because the Constitution is paramount, will take precedence over any statutory provisions for *de novo* review of factual findings of the Bankruptcy Court.

The motion to withdraw the reference is denied, and the case remanded to the Honorable Jeremiah E. Berk, United States Bankruptcy Judge, with instructions to afford plaintiff a jury trial in the Bankruptcy

Court. The Bankruptcy Judge may, if so advised after consultation with counsel, require either special verdicts or a general verdict accompanied by interrogatories, pursuant to Rule 49 F.R.Civ.P., if in his discretion he concludes that such a requirement will assist in resolving any issue of dischargeability, which is reserved to the Judge for his decision.

So Ordered.