In re Salvatore VINCI and Mahopac
Auto Wreckers, Inc. Debtors.

Salvatore VINCI and Mahopac Auto
Wreckers, Inc., Plaintiffs,

v.

The TOWN OF CARMEL, Putnam
County and William D. Spain,
Jr., Defendants.

Bankruptcy Nos. 89 B 20056,
89 B 20057.
89 Adv. 6068.

United States Bankruptcy Court,
S.D. New York.

Dec. 19, 1989.

Donald G. Buonomo, Bronx, N.Y., for debtors/plaintiffs.

Joseph D. Cerreto, Carmel, N.Y., for Town of Carmel.

Putnam County Dept. of Law, Carmel, N.Y., for Putnam County and William D. Spain, Jr.

William D. Spain, Jr., Carmel, N.Y., pro se.

DECISION ON DEFENDANTS'
MOTION TO DISMISS THE
COMPLAINT

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

FACTS

The three defendants in this adversary proceeding, The Town of Carmel, Putnam County and the attorney for Putnam County, William D. Spain, Jr., have moved for an order pursuant to FRCP 12(b)(6), as adopted by Bankruptcy Rule 7012(b), dismissing plaintiffs' complaint on the ground that it fails to state a claim upon which relief can be granted. The defendant, Putnam County, also seeks an order declaring that it has valid lien claims in the amount of $1,583.45 and $500,000.00 against the plaintiffs. All three defendants have also

requested costs, attorney's fees and sanctions pursuant to Bankruptcy Rule 9011. The plaintiffs are the debtor, Salvatore Vinci and his debtor corporation, Mahopac Auto Wreckers, Inc.

The complaint contains 77 numbered paragraphs and numerous subparagraphs captioned by letters, together with subsections captioned with Roman numerals. Thus, paragraph 44 contains subparagraphs (a) through (x); subparagraph (o) in paragraph 44 contains subsections (i) through (vii). The complaint sets forth five causes of action.

In the first cause of action, the plaintiffs allege that in February of 1986, the debtor, Salvatore Vinci, entered into a contract to conduct a business on approximately 80 acres of property located in the Town of Carmel, Putnam County, New York, which had previously been operated as a junk yard. The various prior businesses located on these premises had operated junk yards involving the collection and recycling of derelict vehicles for scrap metal or parts. As a result of these operations the previous tenants had accumulated a scrap heap of approximately one million old automobile tires.

The complaint alleges that in August of 1986, the defendant, Town of Carmel, instituted an action in the New York Supreme Court, County of Putnam, resulting in an order directing that all "one million tires" be removed from the premises operated by the plaintiffs within 60 days.

The complaint also alleges that the defendant, William Spain, Jr., County Attorney, commenced a proceeding with the Putnam County Health Department requesting the removal of all of the tires located on the premises operated by the plaintiffs. The County claimed that the tires were dangerous and constituted a nuisance. An order was entered directing the removal of the tires, which Putnam County accomplished at an alleged cost of $500,000.00. The complaint alleges in the First Cause of Action that the Town of Carmel, the County of Putnam, and its attorney, William Spain, Jr., violated the constitutional rights of the owner of the premises in question,

the Estate of David Parent, Sr., and the plaintiffs. It is also alleged that in addition to authorizing $500,000.00 to remove the tires, the County of Putnam and its attorney, William Spain, Jr., have continued to harass the plaintiffs in violation of 42 U.S.C. § 1983.

In the Second Cause of Action the plaintiffs allege that the Town of Carmel, the County of Putnam and the Putnam County Attorney, under color of state authority and in violation of the plaintiffs' rights did harass, threaten and violate the plaintiffs' civil rights, causing them damages in the sum of one million dollars.

In the Third Cause of Action, the plaintiffs allege that the Town of Carmel and the County of Putnam did impose impossible penalties, ruinous expense and change of policy, which were inappropriate, illegal and designed to terminate the legal business of plaintiff, Mahopac Auto Wreckers, Inc.

In the Fourth Cause of Action, the plaintiffs allege that the defendants violated 42 U.S.C. § 1983 and that their acts were "deliberate, willful and without color or right or title of law, and were conducted under color of state authority, and the plaintiff, Mahopac Auto Wreckers, Inc., is entitled to exemplary and punitive damages."

The Fifth Cause of Action alleges that the owner of the property in question, David Parent, Jr., should not be held responsible and required to incur on a personal or fiduciary basis, expenses to the County of Putnam for the removal of the tires on the property in question, because David Parent, Jr., is a distributee of the Estate of David Parent, Sr., and has not and did not actively engage in the conduct of any business on the property in question.

## DISMISSAL MOTION FOR FAILURE TO STATE A CLAIM

In considering a motion to dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable under Bankruptcy Rule 7012(b), on the ground that the complaint fails to state a claim upon which relief can be granted,

the court must accept as true all of the well-pleaded facts alleged in the complaint. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bloor v. Carro, Spanbock, Londin, Rodman & Fass*, 754 F.2d 57 (2d Cir.1985). The motion must be granted when it appears with certainty that no set of facts could be proven at trial which would entitle the plaintiffs to any relief. *Conley v. Gibson*, supra; *Dioguardi v. Durning*, 139 F.2d 774 (2d Cir.1944); *In re Rudaw/Empirical Software Products, Inc.*, 83 B.R. 241 (Bankr.S.D.N.Y. 1988); *Trans World Airlines, Inc., et al., v. Texaco, Inc., (In re Texaco Inc.)*, 81 B.R. 813 (Bankr.S.D.N.Y., 1988).

In the instant case, the first four causes of action asserted by the plaintiffs relate to an alleged deprivation of their constitutional rights as a result of official actions taken by the Town of Carmel and the County of Putnam with respect to premises leased to the debtor corporation, Mahopac Auto Wreckers, Inc., whose principal officer and shareholder is Salvatore Vinci, another debtor in this court. Subject matter jurisdiction is predicated on 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. R.S. § 1979; Pub.L. 96–170 § 1, Dec. 29, 1979, 93 Stat. 1283.

In a complaint based on a violation of 42 U.S.C. § 1983, the district courts are given original jurisdiction pursuant to 28 U.S.C. § 1343(a) with respect to all civil actions designed—

(3) To redress the deprivation under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

Inasmuch as a cause of action bottomed on 42 U.S.C. § 1983 does not involve a right created by the federal bankruptcy law, it cannot be regarded as arising under title 11 of the Bankruptcy Reform Act within the meaning of 28 U.S.C. § 157(b)(1). *In re Wood*, 825 F.2d 90, 97 (5th Cr.1987). Moreover, the plaintiffs' causes of actions do not arise in a case under title 11 of the Bankruptcy Reform Act in that they do not invoke a proceeding that is central to the bankruptcy court function in administering the estates of the debtors. A proceeding arising in a title 11 case is one which would have no existence outside of the bankruptcy court. *In re Wood, Id.* at 97. Accordingly, the causes of action asserted in the plaintiffs' complaint do not qualify as a core proceeding under 28 U.S.C. § 157(b).

█ Nonetheless, the outcome of the plaintiffs' claim for damages against the defendants could conceivably have an affect on the estate being administered in this court. The resolution of the plaintiffs' claims against the defendants could affect the amount of property available for distribution to the creditors of the plaintiffs. Therefore, the plaintiffs' action against the defendants will be regarded as "otherwise related to a case under title 11" within the meaning of 28 U.S.C. § 157(c) for purposes of subject matter jurisdiction under 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(c)(1).

█ However, bankruptcy courts do not have subject matter jurisdiction over personal injury tort and wrongful death claims. This point is expressly stated in 28 U.S.C. § 157(b)(5) as follows:

> (5) The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in

which the claim arose, as determined by the district court in which the bankruptcy case is pending.

The defendants contend that the plaintiffs' claims under 42 U.S.C. § 1983 are the type of personal injury actions which may not be tried in a bankruptcy court.

For statute of limitations purposes, the United States Supreme Court has characterized causes of action involving 42 U.S.C. § 1983 as personal injury actions subject to the three-year limitations governing actions "for an injury to the person or reputation of any person." *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254, 269 (1985).

Similarly, in borrowing state statutes of limitations for federal claims, a federal court must choose the statute of limitations applicable to an analogous state claim. Therefore, a state claim analogous to claims asserted under 42 U.S.C. § 1983 would also be subject to a statute of limitations governing personal injury claims. *Chin v. Bowen*, 833 F.2d. 21, 23 (2d Cir. 1987).

Although 28 U.S.C. § 157(b)(5) bars the bankruptcy court from trying personal injury tort cases, it is not clear if this restriction also applies to personal injury actions in the bankruptcy court which do not involve bodily injuries. It has been observed that Congress knew how to be restrictive in the choice of language concerning personal injury torts when dealing with exemptions, as in 11 U.S.C. § 522(d)(11)(D) when it allowed a debtor an exemption up to $7,500.00 "on account of personal *bodily* injury ..." (emphasis added). See *In re Poole Funeral Chapel, Inc.*, 63 B.R. 527, 530 (Bankr. N.D.Ala.1985). Although the district court noted by way of dictum in *In re Baker*, 86 B.R. 234, 236 (Bankr.D.Colo. 1988) that a plaintiff who claimed for malicious prosecution under 42 U.S.C. § 1983 "obviously has alleged a personal injury tort", the district court did not directly address that issue because it concluded that withdrawal of the reference was mandatory under 28 U.S.C. § 157(d) because the plaintiff was a creditor who alleged a non-dischargeability claim which required substantial consideration of both 11 U.S.C. § 523(a)(6) and 42 U.S.C. § 1983. Bankruptcy Judge Gerling in *In re Smith*, 95 B.R. 286 (Bankr.N.D.N.Y.1988) and in *In re Boyer*, 93 B.R. 313 (Bankr.N.D.N.Y.1988) concluded that the term "personal injury tort" as expressed in 28 U.S.C. § 157(b)(5) embraced a broad category of private or civil wrongs or injuries, even if bodily injury is not involved, including actions commenced under 42 U.S.C. § 1983, with the result that an action instituted under 42 U.S.C. § 1983 should be dismissed for lack of subject matter jurisdiction in the bankruptcy court.

■ On the other hand, Chief Judge Charles Brieant, in this district, has held that a tort claim for a statutory violation of a New York State anti-discrimination law does not constitute a "personal injury tort" within the restrictive meaning of 28 U.S.C. § 157(b)(5) because a claim for a tort without trauma or bodily injury is not within the statutory exception for a personal injury tort. *Perino v. Cohen (In re Cohen)*, 107 B.R. 453 (Bankr.S.D.N.Y.1989). The *Cohen* decision is binding on this court and reflects the view that Congress intended this exception for a "narrow range of claims". Accordingly, the defendants' motion to dismiss the complaint for failing to state a claim within the jurisdiction of this court is denied.

■ However, to the extent that the complaint asserts a claim against William D. Spain, Jr., as Attorney for Putnam County, for acting with color of municipal authority in violation of the rights of the plaintiffs, it fails to state a cognizable claim. An official of a municipality who acts within the scope of his official duties may not be held personally liable for conduct on the part of the municipality although the municipality may be liable for such conduct. *Dunton v. County of Suffolk*, 729 F.2d. 903, 907 (2d. Cir.1984). See *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). Therefore, the causes of action in the complaint asserted against William D. Spain, Jr., as Attorney for Putnam County, must be dismissed.

The Fifth Cause of Action in the complaint is asserted by the plaintiffs on behalf of David Parent, Jr., in his capacity as Administrator for the Estate of David Parent, Sr., the owner of the premises leased to the plaintiff, Mahopac Auto Wreckers, Inc. In view of the fact that David Parent, Jr. is not a party plaintiff in this case, the plaintiffs have no standing to assert claims on behalf of David Parent, Jr. Hence, the Fifth Cause of Action must be dismissed.

The remaining first four causes of action asserted in the complaint against the Town of Carmel and Putnam County are facially cognizable under 42 U.S.C. § 1983 and will withstand a motion to dismiss the complaint under F.P.C.P. 12(b), as adopted under Bankruptcy Rule 7012(b). The defendants have asserted in their motion papers that the issues raised by the plaintiffs in these causes of action have already been decided against them by the Appellate Division, Second Department, of the New York Supreme Court and that the plaintiffs' motion for leave to appeal has been denied by the Appellate Division and the New York Court of Appeals. Thus, the defendants allege that the claims asserted by the plaintiffs are dismissable on the basis of *res judicata* and collateral estoppel. However, these affirmative defenses may not be raised by a motion under F.R.C.P. 12(b), and before a responsive pleading has been filed. A motion addressed to the pleadings under F.R.C.P. 12(c), or for summary judgment under F.R.C.P. 56 may be made after a responsive pleading has been served and filed by the defendants, at which time the defendants may submit evidence of the state court rulings which would support their defense of issue preclusion. At this juncture in the proceedings, this affirmative defense is premature.

Because the complaint will survive the defendants' motion for a dismissal, it follows that sanctions and attorney fees will not be awarded to them and their motion for this relief will be denied.

Additionally, the defendants' motion for an order establishing their lien claims will also be denied, pending evidentiary proof to support these factual issues. A motion to dismiss the plaintiffs' complaint pursuant to F.R.C.P. 12(b) is not an appropriate vehicle to determine the defendants' lien claims.

## CONCLUSIONS OF LAW

1. The defendants' motion to dismiss the complaint constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), although the adversary proceeding commenced by the plaintiffs pursuant to 42 U.S.C. § 1983 is not a core proceeding because it merely relates to a case under title 11 of the Bankruptcy Rule Act, but does not arise under title 11 or in a case under title 11.

2. The district court has original jurisdiction under 28 U.S.C. § 1343 to redress deprivations under color of any state law, statute, ordinance or regulations, of any right or privilege secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

3. Section 1983 of title 42 U.S.C. is intended to create a species of tort liability in favor of persons who are deprived of "rights, privileges, or immunities secured" to them by the Constitution. See *Carey v. Piphus*, 435 U.S. 247, 258, 98 S.Ct. 1042, 1049, 55 L.Ed.2d 252 (1978); *Kohl Industrial Park Co. v. The County of Rockland*, 710 F.2d. 895, 899 (2d. Cir.1983).

4. Congress intended municipalities and other local government units to be included among those persons to whom 42 U.S.C. § 1983 applies. *Monell v. Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1970); *Kohl Industrial Park Co. v. The County of Rockland*, 710 F.2d. at 899.

5. The defendant municipalities' motion to dismiss the complaint pursuant to FRCP 12(b), as adopted by Bankruptcy Rule 7012(b), on the ground that the complaint fails to state a claim against the municipalities, is denied.

6. The defendants' motion to dismiss the complaint for failing to state a claim

against William Spain, Jr., the Attorney for the County of Putnam, is granted because the defendant Spain cannot be held liable under 42 U.S.C. § 1983 for his conduct while acting within the scope of his authority as attorney for the County of Putnam.

7. The defendants' motion to dismiss the Fifth Cause of Action in the complaint is granted because the plaintiffs have no standing to assert a claim on behalf of David Parent, Sr., the deceased owner of the leased property in question.

8. The defendants' application for a determination as to the extent of their liens against the plaintiffs is denied because the motion to dismiss the complaint is not the appropriate method for establishing the factual issues as to the alleged liens.

9. The defendants' request for sanctions and attorney fees pursuant to Rule 9011 is denied.

SETTLE ORDER ON NOTICE.