**In re Raymond A. BERTHOLET, Jr., Plaintiff,**

v.

**Terrie L. HARMAN, Defendant.**

**Civ. No. C 88–83D.**

United States Bankruptcy Court, D. New Hampshire.

April 4, 1991.

David J. KillKelley, Laconia, N.H., for plaintiff.

John C. Boeckeler, Manchester, N.H., for defendant.

## AMENDED MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This case is a referred civil action from district court involving allegations that the negligence and intentional misconduct of a bankruptcy trustee caused damage to a principal of the debtor corporation. At a recent pretrial hearing of this case, the parties discussed whether this court has jurisdiction to hear this matter because under 28 U.S.C. § 157(b)(5) only the district court can hear actions for personal injury. Also, the parties discussed whether a jury trial was warranted and whether this court could conduct a jury trial. I ruled from the bench that this court had jurisdiction because the personal injury exception did not apply, and I further ruled that a jury trial was appropriate and I had the power to conduct it. I then issued an opinion. However, I also gave the parties an opportunity to file a motion for reconsideration on the personal injury issue, and one of them did. After a hearing in which I denied the motion, I now expand upon the original opinion.

### The Complaint

The Complaint consists of three counts. Count I alleges that the defendant, as trustee of Cycle–Rama, Inc., negligently liquidated assets of the estate and negligently took control of assets owned by the plaintiff which resulted in the following damages: "... loss of property owned by him, impairment of reputation, loss of money expended for defense of actions taken by the plaintiff, mental distress, pain and suffering, and other damages ..."

Count II alleges that defendant intentionally delayed in liquidating the assets of the estate and took control over property of the plaintiff causing plaintiff the damages stated above plus "enhanced compensatory damages" which is a form of punitive damages unique to New Hampshire.

Count III alleges that the plaintiff, as personal obligor of some assets of Cycle–Rama, Inc., and as noteholder of the building housing the debtor corporation, was harmed by the negligence of the defendant when she took control of the rent payments of the building, changed the locks to deny plaintiff access, allowed the building to deteriorate, failed to appraise the corporate assets, and failed to liquidate the corporate assets. The damages are the same as those alleged in Counts I and II.

### 28 U.S.C. § 157(b)(5)

This section reads:

(5) The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

The parties have raised the issue whether this is a "personal injury tort" action within the meaning of the statute. Besides the allegations in the complaint, plaintiff has stated in his pretrial statement that his damages include "lost reputation, humiliation, stress, loss of sleep, and impaired enjoyment of life." Plaintiff has also disclosed in its disclosure of expert witnesses that he intends to call a medical doctor to testify about the "fatigue and anxiety/stress of the plaintiff."

I believe these alleged injuries are insufficient to transfer jurisdiction to the district court. Support for my conclusion is found in two cases. The first is a decision by Chief Judge Brieant of the Southern District of New York who stated in *In re Cohen*, 107 B.R. 453, 455 (S.D.N.Y.1989) as follows:

> This tort claim for a statutory violation of a New York State anti-discrimination law does not fall within the above quoted federal statutory exclusion. This is not a claim for a "personal injury tort" in the traditional, plain-meaning sense of those words, such as slip and fall, or a psychiatric impairment beyond mere shame and humiliation.

This opinion was followed in *In re Vinci*, 108 B.R. 439, 442 (Bankr.S.D.N.Y.1989), where the court said the ruling in *Cohen* meant "a tort without trauma or bodily injury is not within the statutory exception for a personal injury claim."

As a practical matter, it makes sense that claims for minor emotional distress not the focus of a complaint not be transferred to the district court. Otherwise, alleged incidental damages such as those present in this case largely concerning economic damages would too easily get transferred and too readily remove the jurisdiction of the court designated to try bankruptcy related issues. See *In re Littles*, 75 B.R. 240 (Bankr.E.D.Pa.1987).

Defendant relies on two cases purportedly to the contrary. The first is *Matter of Poole*, 63 B.R. 527 (Bankr.N.D.Ala.1986). That case involved a claim for emotional harm caused by the desecration of graves. However, the Court in that case was only concerned with the power of a bankruptcy court to estimate personal injury tort claims for purposes of distribution, and nobody now questions that power. See, e.g., *In re Johns Manville Corp.*, 45 B.R. 827 (S.D.N.Y.1984).

The only real authority challenging my conclusion is the case of *In re Boyer*, 93 B.R. 313 (Bankr.N.D.N.Y.1988). In that

case, at issue was a civil rights complaint where "the *gravamen* of his grievances appear to be based on the loss of his professional esteem, name and peace of mind". *Id.* at 317–18. (emphasis added) The Court held that this was a "personal injury tort."

■ I believe the *Boyer* case can be reconciled with my ruling because that case involved a mental distress claim that was the gravamen of a complaint. I believe the better rule is that if a mental distress claim does not involve physical injury, then only if the claim is the gravamen of a complaint would § 157(b)(5) be invoked. Otherwise, as stated above, jurisdiction would too easily be lost from this court, and I cannot believe Congress intended that.

In short, the claims in the present case do not rise to the level of "psychiatric impairment" caused by wilful conduct in that regard. The claims are more in the nature of humiliation and other emotional harm which are incidental claims in this action. This does not implicate § 157(b)(5).

### Jury Trial

#### A.

■ In order to be entitled to a jury trial the action must be "legal" as opposed to "equitable." *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). At first blush this appears to be a legal action because it is a tort claim. As the court in *In re Ben Cooper, Inc.,* 896 F.2d 1394, 1402 (2d Cir. 1990) stated: "it is difficult to imagine a claim that is more inherently legal" than "negligence and malpractice."

■ However, this action also involves a claim against a bankruptcy trustee, and there are two reported decisions that hold a claim against a trustee is equitable. *In re Brenner,* 119 B.R. 495 (Bankr.E.D.Pa. 1990); *In re EZ Feed Cube Co., Ltd.,* 115

B.R. 684 (Bankr.D.Or.1990). Yet, upon closer examination of those cases they involve one trustee suing a former trustee for misconduct to benefit the estate. In my case, the benefit of the action is to an individual and will not benefit the estate generally.[1] Therefore, I believe this action is legal.

#### B.

■ An apparent problem in holding a jury trial in this court is that this is a non-core action. In such an action this court ordinarily cannot issue a final judgment, but can only submit proposed findings of fact and conclusions of law to the district judge who shall issue a final judgment upon de novo review. 28 U.S.C. § 157(c)(1). The problem with holding a jury trial in bankruptcy court in the first instance, therefore, is it runs afoul of the Seventh Amendment which provides that "no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. Several courts have so held. See, e.g., *In re Cinematronics, Inc.,* 916 F.2d 1444, 1451, (9th Cir.1990); *In re Wedtech Corp.,* 94 B.R. 293 (S.D.N.Y.1988); *In re American Community Serv., Inc.,* 86 B.R. 681, 690 (D.Utah 1988); *In re Globe Parcel Serv., Inc.,* 71 B.R. 323, 326 (E.D.Pa.1987).

■ Nevertheless, the parties have consented, pursuant to 28 U.S.C. § 157(c)(2)[2] to have this court enter a final judgment by use of a jury trial. It should be noted that this is not an impermissible "stipulating of jurisdiction" in a federal court since there clearly is subject matter jurisdiction in the district court, of which the bankruptcy court is a "unit" per 28 U.S.C. § 151. Thus, the only remaining question is whether this court has the power to conduct a jury trial.

---

1. The successor trustees of Cycle–Rama, Inc. and Bertholet Enterprises, Inc. have declined to prosecute claims for damages to the estate's property against former trustee Terrie Harman.

2. The cited statutory provision states: "Notwithstanding the provisions of paragraph (1) of this

subsection, the district court, with the consent to all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title."

## C.

Those courts allowing a bankruptcy court to hold a jury trial include: *In re Ben Cooper, Inc.*, 896 F.2d 1394 (2d Cir.1990) cert. granted, —— U.S. ——, 110 S.Ct. 3269, 111 L.Ed.2d 779 (1990), judgment vacated and remanded, —— U.S. ——, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), judgment reinstated, 924 F.2d 36 (2d Cir.1991), cert. filed (1991); *In re Cinematronics, Inc.*, 111 B.R. 902 (S.D.Cal.1990) rev'd on other grounds, 916 F.2d 1444 (9th Cir.1990); *In re Stoecker*, 117 B.R. 342 (N.D.Ill.1990); *Citibank v. Park–Kenilworth Indus., Inc.*, 109 B.R. 321 (N.D.Ill.1989); *In re Jackson*, 118 B.R. 243 (E.D.Pa.1990); *In re Lee Way Holding*, 115 B.R. 586 (S.D.Ohio 1990); *In re Clairmont Transfer Co.*, 117 B.R. 288 (Bankr.W.D.Mich.1990); *In re Indus. Supply Corp.*, 108 B.R. 799 (Bankr.M.D.Fla. 1989).

Those courts not allowing a bankruptcy court to hold a jury trial include: *In re Kaiser Steel Corp.*, 911 F.2d 380 (10th Cir.1990); *In re United Missouri Bank of Kansas City, N.A.*, 901 F.2d 1449 (8th Cir. 1990); *In re Transcon Lines*, 121 B.R. 837 (C.D.Cal.1990); *In re Johnson*, 115 B.R. 712 (Bankr.S.D.Ala.1990); *In re Owensboro Distilling Co.*, 108 B.R. 572 (Bankr. W.D.Ky.1989); *In re Fort Lauderdale Hotel*, 103 B.R. 335 (Bankr.S.D.Fla.1989).

I believe the better reasoned cases are those that hold a bankruptcy court is empowered to conduct jury trials. The analysis provided by the court in *In re Ben Cooper, supra,* finding both constitutional and statutory power to conduct jury trials, is convincing. Without repeating all the arguments made there, I find most compelling the argument of that court that since the bankruptcy court has the power to enter final judgments as a result of bench trials it likewise has the power to enter final judgments based on jury verdicts:

Our holding rests on two separate but related provisions. The first provision is 28 U.S.C. § 151 (1988), which states that "[e]ach bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit or proceeding." The second provision is § 157(b), which, as stated previously, gives bankruptcy judges the authority to conduct trials and issue final orders in core proceedings. *Granfinanciera* teaches that such proceedings, if legal in nature, are subject to the Seventh Amendment, but that opinion does not alter Congress' intent that they be heard by a bankruptcy court with authority to issue final orders. Construing the Bankruptcy Code to allow jury trials in the bankruptcy court is the only way to reconcile these various concerns.

\* \* \* \* \* \*

If bankruptcy courts have the power to enter final judgments without violating Article III, it follows that jury verdicts in the bankruptcy courts do not violate Article III. The primary purpose of this Article is to ensure a federal judiciary free from pressure from the other branches of government. *E.g., Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848 [106 S.Ct. 3245, 3255, 92 L.Ed.2d 675] (1986); *United States v. Will*, 449 U.S. 200, 218 [101 S.Ct. 471, 482, 66 L.Ed.2d 392] (1980). If anything, jurors are less likely to feel pressure from the executive and legislative branches than are bankruptcy judges, who depend on the other branches for reappointment to office. *Granfinanciera, supra,* 109 S.Ct. at 2801. Additionally, the practice of jury trials in Article I courts has been upheld when the authority of the Article I judges does not otherwise run afoul of Article III. *Pernell v. Southall Realty*, 416 U.S. 363 [94 S.Ct. 1723, 40 L.Ed.2d 198] (1974) (local District of Columbia judges); *Collins v. Foreman*, 729 F.2d 108 (2 Cir.) (federal magistrates), *cert. denied*, 469 U.S. 870 [105 S.Ct. 218, 83 L.Ed.2d 148] (1984).

*Id.* at 1402, 1403.

### Conclusion

This individual's tort action against the trustee of a related corporation shall be heard in the bankruptcy court because the incidental additional claims for emotional

distress damages in my opinion do not constitute the underlying cause of action as a personal injury tort that would necessitate the district court hearing the dispute under 28 U.S.C. § 157(b)(5). Furthermore, the parties are entitled to a jury trial because this is a legal dispute, and although it is a non-core matter, the parties have consented to this court entering a final judgment. Finally, this court has the statutory and constitutional power to conduct a jury trial when it is otherwise authorized to enter final judgment on a matter in dispute.