In the Matter of INTERCO, INCORPORATED, et al., Debtors.

In the Matter of INTERCO, INC. and Broyhill Furniture Industries, Inc.

Richard PRIEST, Movant,

v.

INTERCO, INC. and Broyhill Furniture Industries, Inc., Respondents.

Bankruptcy Nos. 91–40442–172, 91–40446–172.

United States Bankruptcy Court, E.D. Missouri, E.D.

Dec. 9, 1991.

Bryan, Cave, McPheeters & McRoberts, Gregory D. Willard, Lloyd A. Palans, John C. Boyle, Carl J. Spector, St. Louis, Mo., for debtors-in-possession.

Steven K. Brown, St. Ann, Mo., Samuel H. Liberman, Clayton, Mo., for Richard Priest.

## MEMORANDUM OPINION AND ORDER

JAMES J. BARTA, Bankruptcy Judge.

This matter concerns certain requests styled, "Motion for Abstention from Determination of Claim" filed on behalf of the Claimant, Richard Priest.

This is a core proceeding pursuant to Section 157(b)(2)(A) and (B) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri.

Mr. Priest has filed five proofs of claim in the Chapter 11 cases of the Debtors, Interco Incorporated and Broyhill Furniture Industries, Inc. These claims are based on Debtors' alleged violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("A.D.E.A.") and the Missouri Human Rights Act, R.S.Mo., Ch. 213, and on Debtors' alleged breach of an implied contract. Mr. Priest also alleges that the Debtors violated the Employment Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, ("ERISA") by allegedly attempting to deny him benefits to which he claims to be entitled under ERISA. Mr. Priest seeks recovery of lost wages and employment related benefits, including retirement benefits, and damages for alleged emotional distress. Proofs of Claim numbered 03752 and 03753 each seeks $1,200,-000.00 in damages; each of the remaining three claims seeks $460,000.00 in damages.

Debtors have filed objections to all five of Mr. Priest's claims. The preliminary hearing on these objections is scheduled for December 19, 1991.

On November 22, 1991, the Claimant filed two motions: (1) a "Motion to Withdraw Claim from Bankruptcy Court" pursuant to 28 U.S.C. §§ 157(d) and 157(b)(2)(B) and 157(b)(5); and (2) a "Motion for Abstention from Determination of Claim." On November 27, 1991, counsel for Mr. Priest filed a withdrawal of the "Motion to Withdraw Claim From Bankruptcy Court", and a withdrawal of the "Motion For Abstention From Determination of Claim." He simultaneously filed a "Motion To Withdraw Reference Of Claims And/Or Debtors' Objection To Claims Of Richard Priest Or In The Alternative To Abstain From Determining The Same." The legal arguments and the requests in the latest motions are virtually identical to the original motions. Therefore, this Memorandum Opinion and Order addresses only the Claimant's request that the Bankruptcy Court abstain from the matters involving the Debtors' objections to the proofs of

claims. The request for a withdrawal of the reference of this proceeding (Debtors' objection to the proofs of claims) must be heard by a district judge as required by Rule 5011(a) of the Federal Rules of Bankruptcy Procedure.

## I. Stay Pending Withdrawal of the Reference

In his memorandum filed November 27, 1991, in support of the most recent motion, Mr. Priest asserts that the Bankruptcy Court has no jurisdiction to determine his claim because the claim arises under an act of Congress regulating activities in organizations affecting interstate commerce. He argues that it is therefore required that the claim be withdrawn to the District Court.

Bankruptcy Rule 5011(c) governs the effect of filing a motion for withdrawal or abstention. That rule states:

The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. § 1334(c) *shall not* stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge *may* stay, on such terms and conditions as are proper, proceedings pending disposition of the motion....

Bankruptcy Rule 5011(c) (emphasis added). The rule clearly states that the Bankruptcy Court is not required to "abstain" or stay proceedings pending the district court's decision on the motion to withdraw the reference. The question is more properly couched in terms of whether the Bankruptcy Court *should* stay the proceedings pending the district court's decision.

The Eighth Circuit has set out factors to be considered in granting a stay of a proceeding pending judicial review. These factors include the following: a party seeking a stay generally must show

(1) that it is likely to succeed on the merits;

(2) that it will suffer irreparable injury unless the stay is granted;

(3) that no substantial harm will come to other interested parties; and

(4) that the stay will do no harm to the public interest.

*Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir.1986) (quoting *James River Flood Control Ass'n v. Watt*, 680 F.2d 543, 544 (8th Cir.1982).

Mr. Priest is requesting a stay of the Bankruptcy proceeding pending the decision by the District Court on his motion to withdraw the reference of that proceeding. Although this is not a request for a stay pending judicial review, the factors set out by the Eighth Circuit will be applied here as guidelines for the Bankruptcy Court's determination. To the extent that these factors are applicable, Mr. Priest has not satisfied the requirements.

First, it is not certain that Mr. Priest will succeed on his motion to withdraw the reference. His motion to withdraw the reference is based on 28 U.S.C. § 157(d), which provides for mandatory withdrawal of the reference if the "resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organization or activities affecting interstate commerce." Mr. Priest asserts his claim is based on A.D.E.A. and thus entails consideration of a law regulating organizations or activities affecting interstate commerce.

Recently, however, district courts have interpreted Section 157(d) to require the district court to "make an affirmative determination that resolution of the claims will require *substantial and material* consideration of non-Code statutes." *In re White Motor Corp.*, 42 B.R. 693, 705 (D.Ohio 1984) (emphasis added). *See also In re Adelphi Inst. Inc.*, 112 B.R. 534, 536 (S.D.N.Y.1990) and *In re Johns–Manville Corp.*, 63 B.R. 600, 603 (S.D.N.Y.1986). These courts have expressed a concern that "Section 157(d), if read literally, would eviscerate much of the work of the bankruptcy courts ..." *In re Adelphi Inst. Inc., supra* at 536.

Thus, it is not certain Mr. Priest will prevail on his motion to withdraw the reference. Further, Mr. Priest has not alleged any harm that will come to him by continuing the proceedings scheduled before the

bankruptcy court. On the other hand, if these proceedings were stayed, Debtors could suffer harm in that such delay would slow their momentum toward reorganization.[1]

## II. Age Discrimination as a Personal Injury Action

■ Mr. Priest asserts an alternative basis in support of both the motion withdrawal of the reference and the motion for abstention by this Court. He contends his age discrimination claims are contingent or unliquidated personal injury tort claims under 28 U.S.C. §§ 157(b)(2)(B) and 157(b)(5). These sections prohibit estimation of contingent or unliquidated personal injury or wrongful death claims and require that "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court ..." 28 U.S.C. §§ 157(b)(2)(B) and 157(b)(5).

In his memorandum in support of the motion Mr. Priest cites three cases for the proposition that his age discrimination claim is an action for personal injury under Sections 157(b)(2)(B) and 157(b)(5). However, all three cases are tax decisions in which the courts decided that proceeds from lawsuits based on age discrimination were proceeds from personal injury lawsuits *for tax purposes. See Rickel v. Commissioner,* 900 F.2d 655 (3rd Cir.1990); *Pistillo v. Commissioner,* 912 F.2d 145, 148 (6th Cir.1990); and *Burke v. United States,* 929 F.2d 1119 (6th Cir.1991).

Other courts have considered whether discrimination claims should constitute personal injury claims under 28 U.S.C. § 157. These courts have taken a narrow view of the personal injury exception, concluding that Congress intended to limit this exception to a "narrow range of claims." *In re Vinci,* 108 B.R. 439, 442 (Bkrtcy.S.D.N.Y. 1989) (citing *Perino v. Cohen (In re Cohen),* 107 B.R. 453 (S.D.N.Y.1989). *See also Bertholet v. Harman,* 126 B.R. 413, 416 (Bkrtcy.D.N.H.1991). When determining which claims should fall within this "narrow range", courts have focussed on the "traditional, plain-meaning sense" of the words "personal injury." *In re Cohen* at 455. At least one court has concluded this means that "a tort without trauma or bodily injury is not within the statutory exception for a personal injury claim." *In re Vinci* at 442. Another court has stated that "the better rule is that if a mental distress claim does not involve physical injury, then only if the claim is the gravamen of a complaint would § 157(b)(5) be invoked." *Bertholet v. Harman* at 416. Otherwise, "jurisdiction would too easily be lost from this court" and this Court "cannot believe Congress intended that." *Id.*

IT IS ORDERED that the request on behalf of Richard Priest to stay the bankruptcy proceedings and abstain from hearing the objections to his claims based on 28 U.S.C. § 157(d), 157(b)(2)(B) and 157(b)(5) is DENIED.

---

1. Mr. Priest cites two cases in support of his contention that the Bankruptcy Court has no jurisdiction in this matter, and that it is required that the claim be withdrawn to the district court. Neither case is persuasive in the circumstances presented in this case.

In *In re Bennett Paper Corp.,* 63 B.R. 8 (Bkrtcy.E.D.Mo.1985, Judge David P. McDonald), the question addressed by the Court was whether or not an enforcement action under A.D.E.A. was within the police or regulatory power exception to the automatic stay. No party had filed a motion for withdrawal of the reference, although the opinion included a comment about 28 U.S.C. § 157(d).

*In re Cache, Inc.,* 71 B.R. 851 (Bkrtcy.S.D.Fla. 1987), involved claims against the Debtor that were pending in federal and state proceedings. The Court referred to the *Bennett Paper* decision in determining that mandatory abstention from the federal matters was appropriate. To the extent that these two cases may hold that Bankruptcy Court abstention from a proceeding involving an objection to a claim, or from a proceeding to estimate a claim is not discretionary pursuant to Section 157(d), this court respectfully disagrees.