In re **MARIE PASTOR'S MORNING-STAR MANAGEMENT, LTD.,** Debtor.

In re Marie **PASTOR** a/k/a Marie Pastorelli, d/b/a Morningstar Management, Debtor.

Bankruptcy Nos. 89 B 20407, 89 B 20408.

United States Bankruptcy Court, S.D. New York.

Jan. 16, 1990.

Roseman & Colin, New York City, for Ralph Macchio and Dabaday, Inc., movants.

Nathan Horowitz, White Plains, N.Y., for debtors.

DECISION ON MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The "Karate Kid", Ralph Macchio, and his former business agent, Marie Pastor, have moved their contractual sparring match to this arena for a judicial decision. Ralph Macchio and Dabaday, Inc. (hereinafter collectively referred to as "Movants") seek an order from this court granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d) so that they may proceed with two actions previously filed in the state courts of California (hereinafter referred to collectively as the "California State Court Actions"). In addition, the Movants assert that mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) or permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) is warranted with respect to an adversary proceeding filed with this court on December 28, 1989 by Marie Pastor's Morningstar Management, Ltd. and Marie Pastor (hereinafter collectively referred to as "Debtors").

The first of the California State Court Actions was commenced by the filing of a complaint in Los Angeles Superior Court on July 27, 1988 in which Movants alleged a breach of contract arising from an Agreement entered into between Movants, Ralph Macchio and Dabaday, Inc. and Debtors, Marie Pastor and Morningstar Management, Ltd. on March 1, 1987 (hereinafter referred to as the "Agreement"). The Agreement provided *inter alia* that Movants would employ Debtors as their personal managers for a period of 2½ years to advise and counsel Ralph Macchio "in the selection of literary, artistic and musical material, all matters pertaining to publicity, public relations and advertising, the manner in which Macchio would render his services, the selection of artistic talent to assist, accompany or embellish Macchio's presentations, and the selection of theatrical agencies, artists, managers, persons, firms or corporations who seek employment and/or engagements" (See ¶ 10(b) of Motion of Ralph Macchio and Dabaday, Inc. for Order Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d)).[1] The Agreement further provided that Debtors would maintain all records concerning plaintiffs' employment, earnings and compensation. (See ¶ 10(b) of Motion of Ralph Macchio and Dabaday, Inc. for Order Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d)). In return for these services, the Movants were to compensate Debtors in an amount "equal to 20% of any and all gross monies or other considerations which [Movants] may receive as a result of [Movants'] activities in and

---

[1] It should be noted that the Agreement was not offered into evidence at the hearing on this motion. The only documentary evidence before this court are the pleadings and copies of the complaints filed in the two California State Court Actions and the complaint filed in the New York State Action.

through the entertainment, amusement, music recording and publishing industries" (See ¶ 10(b) of Motion of Ralph Macchio and Dabaday, Inc. for Order Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d)). The movants sought damages, rescission, and declaratory relief based upon an alleged breach of the Agreement.

The Movants also filed a Petition to "Determine Controversy" before the Labor Commissioner of the State of California for the County of Los Angeles on July 27, 1988 (hereinafter referred to as the "Labor Action"). In the Labor Action, the Movants seek a determination as to whether the Debtors violated the provisions of California Labor Code § 1700.44 by undertaking the role of a talent agent without being duly licensed. The Movants further request that the Agreement be declared unenforceable and terminable as a result of this alleged violation.

Subsequently, on August 23, 1988, the Debtors commenced an action against Movants and Phyllis Macchio in the Supreme Court of the State of New York, Suffolk County (hereinafter referred to as the "New York Action") in which they sought from the Movants damages and an accounting as a result of an alleged breach of the Agreement. Additionally, Debtors sought $10,000,000.00 in damages and $20,000,000.00 in punitive damages from Phyllis Macchio for her alleged attempts to induce the Movants to terminate the Agreement. Movants filed a motion to dismiss or stay the New York Action claiming that the California State Court Actions previously filed were between substantially the same parties and alleged substantially the same causes of action. The New York Action was dismissed by the order of Justice Paul J. Baisley, dated October 18, 1988, without prejudice to renewal in the event the California Superior Court Actions were dismissed for lack of jurisdiction.

On June 30, 1989, the Debtors filed with this court their voluntary petitions for Chapter 11 relief. Subsequently, on December 28, 1989, Debtors commenced an adversary proceeding (hereinafter referred to as the "Adversary Proceeding") which alleges substantially the same causes of action and prays for virtually the same relief as the New York Action with the exception being that the Adversary Proceeding seeks to assume the Agreement dated March 1, 1987.

## DISCUSSION

### Relief From Stay

As provided in 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title ...." However, 11 U.S.C. § 362(d) sets forth the conditions for the lifting or modification of the stay as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is necessary to an effective reorganization.

The filing of the petitions by the Debtors on June 30, 1989, operated to stay the California State Actions previously filed by the Movants. The Movants assert that pursuant to 11 U.S.C. § 362(d)(1), "cause" exists which warrants the lifting of the stay as to the California State Actions. First, Movants claim that resolution of the California State Actions is necessary before an effective reorganization of the Debtors can be accomplished. Secondly, Movants maintain that significant discovery has taken place in the California State Court Actions and that in the interest

of judicial resources and principles of comity the California courts should be allowed to resolve the purely state court issues. The Movants next maintain that the Debtors should not be allowed to use the automatic stay provisions of the United States Bankruptcy Code to evade the rightful jurisdiction of another court.

Debtors assert that the only "cause" cited by the Movants is the fact that actions have been filed by Movants in the State of California. Further, the Debtors contend that there are questions concerning the California court's jurisdiction and/or venue over the Debtor's and that the pending Adversary Proceeding would provide a more expeditious resolution of the issues between the parties.

"The Bankruptcy Code does not provide a definition of "cause" for which modification of the stay is appropriate. Therefore, the court must determine whether discretionary relief from stay is appropriate on a case by case basis." *In re Davis*, 91 B.R. 470, 471 (Bankr.N.D.Ill.1988) (citing *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985)).

There does not appear to be any cause demonstrated which would justify modification of the stay to allow Movants to continue the litigation of the California State Court Actions. It is true that resolution of the contract dispute between Movants and Debtors will be necessary before an effective reorganization of the Debtors may be facilitated since both Debtors list, on Schedule B-2 of their separate petitions, a liquidated debt in the amount of $2,500,-000.00 owing from the Movants. Further, Movants seek rescission of the Agreement and damages arising from the conduct of the Movants. It is clear that property of the Debtors' estates will be affected no matter which party ultimately prevails. If the Debtors prevail, then the proceeds from the judgment will become property of the estate[2] since the term of the Agreement had not expired as of the date of the filing of the petition. If the Movants prevail then they will become unsecured claimants.

Moreover, no answers have been filed in either of the California State Actions and there are Motions to Quash Service of Summons Or, In The Alternative, To Stay Or Dismiss Action on Grounds of *Forum Non Conveniens* pending in the two cases. Although some discovery has been taken in the California State Actions, the discovery process has been largely limited to the parties themselves.

There has been no showing that Movants would be unduly prejudiced or that principles of comity warrant the lifting of the stay. In addition, the existence of state law issues does not preclude a bankruptcy court from hearing a case. In fact, when determining the rights of various parties in a debtor's assets, state law is generally applicable. *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). There are many instances when a Bankruptcy Court must interpret state court issues in resolving claims against a bankruptcy estate. (See e.g., *In re Noakes*, 104 B.R. 323 (Bankr.D.Mont.1989) (state statute of limitations applied in negligence action against bankruptcy trustee); *Davidson Rehab Assocs. v. United States Dep't of Housing and Urban Development, D.W. (In re Davidson Rehab Assocs.)*, 103 B.R. 440 (Bankr.S.D.N.Y.1989) (state law applied in determination that debtor had constructive notice of default and foreclosure, thus precluding it from becoming bona fide purchaser).

Based upon the foregoing, it is apparent that the bankruptcy court is in a better position than the California State Court to ensure that this dispute is resolved in a timely manner so that an effective reorganization of these Chapter 11 Debtors may be accomplished. Accordingly, the Movants motion to lift the automatic stay is denied.

### Abstention

The Movants claim that abstention under either 28 U.S.C. § 1334(c)(1) or § 1334(c)(2) is warranted in the Adversary Proceeding

---

**2.** Property of the estate is defined by 11 U.S.C. § 541(a)(1) as "all legal or equitable interests of the debtor in property as of the commencement of the case."

filed with this court which involves the same parties (with the exception being that Phyllis Macchio is named in the Adversary Proceeding, but not the California State Court Actions) and issues as the California State Court. Furthermore, the Movants assert that the causes of action set forth in the Adversary Proceeding are "related to" a case under Title 11 instead of one "arising under" title 11 or "arising in" a case under title 11 and as a result, this court may only submit findings of fact and conclusions of law which will be subject to a *de novo* review in the district court. Lastly, the Movants maintain that they have demanded a jury trial in the California State Court Actions and question the authority of this court to afford them that same right in this Adversary Proceeding.

There is no question that the Seventh Amendment right to trial by jury exists in an action which is based upon a common law claim for money damages, but does not exist when the action is one seeking equitable relief. *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); *Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *Beacon Theatres Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *Schoenthal v. Irving Trust Co.,* 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932). The Supreme Court, in *Granfinanciera v. Nordberg,* 492 U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), recently addressed the issue of jury trials in bankruptcy proceedings. Justice Brennan, writing for the majority, concluded that objecting creditors who have not submitted a claim against a bankruptcy estate have preserved their right to a jury trial in cases where the cause of action is one at common law. *Id.*

In addition, Chief Judge Brieant of the United States District Court for the Southern District of New York determined that 28 U.S.C. § 157 "contemplates that if a jury trial is required in core proceedings affecting the Debtor, it can be conducted in the Bankruptcy Court." *Perino v. Cohen (In re Cohen),* 107 B.R. 453 (S.D.N.Y.1989) *Cohen* involved a cause of action by a blind man for discrimination under Sections 296(2)(a) and 296(14) of the New York Executive Law seeking to recover damages and punitive damages. The court, in observing that the claim was a legal claim seeking to enforce a private right, determined that the claim was the sort of claim which would be tried at common law before a jury. *Id.* Furthermore, the court determined that "[t]he Seventh Amendment provisions, and cases decided thereunder, limited the power of any federal court to modify or disregard a jury verdict, because the Constitution is paramount, [and] will take precedence over any statutory provisions for *de novo* review of factual findings of the Bankruptcy Court." *Id.*

There has been no answer to the Adversary Proceeding filed by Movants and Movants have not filed a proof of claim with this court in either of the Debtor's bankruptcy cases. Movants can preserve their right to a jury trial by filing their answer with counter claims which set forth the same causes of action as those which were set forth in the California State Court Actions and requesting a trial by jury. They clearly have a Seventh Amendment right to a trial by jury as to those causes of action which seek common law money damages. In addition, Movants have preserved that right by not filing a proof of claim. Finally, in adherence with the *Cohen* decision, this court will preside over the jury trial, thus affording Movants their Seventh Amendment right.

Having denied the Movants relief from the stay in the California State Court Actions, there is no need to rule on the Movants' request for mandatory or permissive abstention. The posture of this proceeding is different than the usual posture of cases in which abstention is sought. In this case, the Movants, rather than Debtors, are the plaintiffs in the state court proceeding and were stayed by 11 U.S.C. § 362(a)(1) from continuing any judicial or administration action or proceeding to recover a claim against the debtor that arose before the commencement of the Chapter 11 proceeding. As a result, any request for abstention over the pending adversary proceeding

necessarily involves a two step process. First, the movants must obtain relief from the stay by modification or lifting of the stay as to any state court proceeding. After the movants have obtained relief from the stay, then they may proceed with the second step by seeking an order for abstention over the pending adversary proceeding. However, unless the stay has been completely lifted, rather than modified, the movant must then seek relief from the automatic stay to enforce any judgment obtained in the state court proceeding. As one author recently noted,

> [T]he mandatory abstention provision, under the express language of new § 1334(c)(2), is not to be construed to limit the applicability of the automatic stay provided by Code § 362(a) as § 362 applies to an action affecting property of the estate. By means of this reservation under § 1334(c)(2), the § 362(a) automatic stay continues to prevent a creditor from enforcing a judgment obtained in the nonbankruptcy court in favor of which the District Court abstained, unless the creditor wins relief from the stay pursuant to Code § 362(d). This means that if the creditor does not obtain relief from the stay then he must file a proof of claim based on the monetary judgment obtained in the state forum. Such claim may then be the subject of a § 157(b)(1) proceeding in the Bankruptcy Court for its allowance or disallowance as a "core" proceeding "arising under" Title 11 (i.e., Code § 502), as part of the conventional proof of claim process, but with the judgment having appropriate res judicata effect at least as to liability.

1 Norton Bankr.L. & Prac. § 5.39 at 200.

### Dismissal

Finally, the Movants seek dismissal of the fifth cause of action set forth in the Adversary Proceeding which seeks to assume, pursuant to 11 U.S.C. § 365, the Agreement between the Debtors and Movants. At the time of the filing of the petitions on June 30, 1989, the Agreement had not expired and did not expire by its own terms until September 1, 1989. It is inappropriate at this stage in the proceedings before this court to determine whether the Agreement is the type of agreement which can be assumed under § 365 or whether the contract had been rescinded, breached or otherwise terminated prior to September 1, 1989. As a result, the Movants' motion to dismiss the fifth cause of action is denied.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties in accordance with 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. Movants have not established cause for relief from the automatic stay in accordance with 11 U.S.C. § 362(d)(1) because the lone fact that state court actions are pending in another jurisdiction is not evidence sufficient to warrant relief from the stay.

3. Movants' motion for relief from the automatic stay is denied.

4. Movants' motion for permissive or mandatory abstention pursuant to 28 U.S.C. § 1334(c)(1) or § 1334(c)(2) will not be considered by this court because the Movants must first obtain relief from the stay, which they have not done.

5. The Movants' motion to dismiss the fifth cause of action of the Debtors' Adversary Proceeding, which seeks to assume, pursuant to 11 U.S.C. § 365, an Agreement between Debtors and Movants is denied.

SETTLE ORDER ON NOTICE.