**In re I. BURACK, INC., Debtor.**

**Bankruptcy No. 91 B 20737.**

United States Bankruptcy Court,
S.D. New York.

Oct. 16, 1991.

Kronish, Lieb, Weiner & Hellman (Richard Lieb and Richard S. Rothberg, of counsel), New York City, for Estate of Robert H. Burack.

Marc Stuart Goldberg & Associates, P.C. (Neil M. Berger, of counsel), New York City, for I. Burack, Inc.

Platzer, Fineberg & Swergold (Steven D. Karlin and Clifford A. Katz, of counsel), New York City, for Committee of Unsecured Creditors.

## DECISION ON MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY OR ABSTAINING

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

The parties in this relief from stay motion might be compared with the passengers on the Titanic fighting for deck chair locations. The Chapter 11 corporate debtor alleges that it is insolvent, whereas the plaintiff seeks stay relief under 11 U.S.C. § 362(d)(1) for cause in order to proceed in state court to obtain a valuation of her one-third interest in the debtor's equity so as to enforce a state court order directing the debtor to buy back the plaintiff's stock interest. If the debtor is unable to effect a Chapter 11 reorganization and is liquidated, the debtor's stock will be under water, so that a speedy state court determination as to the value of the plaintiff's stock interest in the debtor corporation will not produce any monetary return for the plaintiff.

### FINDINGS OF FACT

1. On May 16, 1991, the corporate debtor, I. Burack, Inc., filed with this court a petition for reorganizational relief under

Chapter 11 of the Bankruptcy Code. The debtor has continued in management and control of its business and property as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2. The plaintiff is the wife and executrix of the estate of the late Robert H. Burack, who had been a principal officer and a one-third shareholder of the debtor corporation, which was a family-owned, closely-held New York corporation. Robert H. Burack's nephews, who were the other two-thirds equity owners of the debtor, fired him in 1979 and froze him out of the company. Robert H. Burack died in 1988.

3. In 1979, the debtor corporation commenced an action in New York State Supreme Court, Westchester County, against Robert H. Burack for alleged conversion of assets. Thereafter, Robert H. Burack initiated an action in the same court against the debtor and its other shareholders under Section 1104–a of the New York Business Corporation Law for a judicial dissolution of the debtor corporation and for the appointment of a receiver for this purpose. The two actions were tried together. The state court dismissed the debtor's causes of action against Robert H. Burack for conversion. The state court also refused to order a dissolution of the debtor corporation, believing that a valuation hearing would provide Robert H. Burack with a fair return for his stock investment in the debtor.

4. On August 7, 1986, the court found that Robert H. Burack was "oppressed" within the meaning of the state statute, in that he had invested his entire life's work in the company organized by his father and that upon his termination, he no longer received any of the financial benefits from his stock holdings. The Appellate Division, Second Department, affirmed the state court decision on February 1, 1988. *Matter of Burack v. I. Burack, Inc.*, 137 A.D.2d 523, 524 N.Y.S.2d 457 (A.D.2d Dept. 1988). The debtor's motion for leave to appeal to the New York Court of Appeals was denied on December 22, 1988. *Burack*, 73 N.Y.2d 851, 537 N.Y.S.2d 495, 534 N.E.2d 333 (1988).

5. On April 10, 1991, one month before the debtor filed for Chapter 11 relief, it entered into a written stipulation with the attorney for the estate of Robert H. Burack, wherein they agreed that a Judicial Hearing Officer would be appointed by the Westchester Supreme Court to hear and determine the remaining issues in the state court action, including the valuation of the debtor's stock owned by the Estate of Robert H. Burack, which the court directed the debtor buy back from his estate. The state court appointed former Appellate Court Justice James D. Hopkins on May 20, 1991 as the Judicial Hearing Officer.

6. The Estate of Robert H. Burack now seeks relief from the automatic stay imposed by 11 U.S.C. § 362(a) on the ground that cause exists within the meaning of 11 U.S.C. § 362(d)(1) for a continuation of the proceedings by the Judicial Hearing Officer. Alternatively, the plaintiff argues that this court should abstain in favor of the continuance of the state court proceedings in accordance with 28 U.S.C. § 1334(c).

7. When the debtor filed its Chapter 11 petition on May 16, 1991, its schedules reflected that the assets were listed as $10,-000,000.00 and its liabilities were stated as $7,250,000.00, for a net worth of $2,750,-000.00. The debtor now states in its opposing affidavit that it is insolvent in that its liabilities exceed its assets, with the result that its shareholders, including the plaintiff, have no equity value in their stock. Accordingly, the debtor reasons that it is both premature and a waste of the debtor's time, effort and funds to continue with a state court stock valuation proceeding which will only reflect that the plaintiff's stock interest in the debtor is worthless.

8. The debtor's treasurer estimated that it would cost the debtor between $200,-000.00 and $300,000.00 in professional fees to proceed with the state court stock valuation proceeding before the Judicial Hearing Officer appointed by the state court to determine the value of the plaintiff's stock interest in the debtor which the debtor was directed to buy back at the ascertained value.

9. The debtor's treasurer and its corporate secretary testified that they are occupied full time in attempting to salvage the debtor's business, including the promulgation of an acceptable plan of reorganization, which may be proposed within the exclusivity period ending January 6, 1992. They both said that they could not afford to lose time by also having to participate in the state court valuation hearing at this stage in the Chapter 11 case.

10. The debtor's special counsel in the state court proceeding testified that he would require experts in that litigation to value the debtor's real estate, inventory and the present value of the debtor's business operations. In addition to the expenses for professionals, the state court proceeding would also require that special counsel spend several weeks on a daily basis with certain officers of the debtor to prepare for the hearing, which special counsel estimated would take from two to three weeks, for which the special counsel estimated his time charges would amount to between $35,000.00 and $50,000.00.

11. There is no question that if there is any equity remaining in the value of the debtor's stock, a valuation proceeding will be required, either in the state court or in this court in the context of a determination of the plaintiff's claim under the state court buy back order. If the facts reveal that the debtor's shareholders have no equity interest or if the Chapter 11 case is unsuccessful and the debtor is converted for liquidation under Chapter 7 of the Bankruptcy Code, the debtor's right to a valuation hearing will become academic and irrelevant.

12. A valuation hearing in the state court at this time will not accelerate the plaintiff's ultimate objective of being paid by the debtor for the debtor's stock now held by the plaintiff. Even if the state court sets a specific dollar amount for the value of the debtor's stock held by the plaintiff, it will still be necessary for the plaintiff to file a proof of claim in this case in order to expect to receive a distribution. No distribution can be made unless a plan of reorganization is confirmed or the debt-or is liquidated. A liquidation where the creditors are not paid in full will not produce any distribution for equity interests.

13. Accordingly, it is premature at this stage in this case to pursue state court litigation which will be time-consuming and costly to all the parties and will interfere with the debtor's efforts in the reorganization case, when the debtor may sink financially. In such case, the plaintiff would have achieved only a pyrrhic victory because the debtor's stock held by the plaintiff would be under water like the Titanic and of no comfort to the plaintiff.

## DISCUSSION

■ It should first be observed that the plaintiff's alternative request for abstention under 28 U.S.C. § 1334(c) is a nonstarter because there is no proceeding pending in this court from which this court could abstain. The plaintiff has not filed a proof of claim in this court and has no litigation pending here which can be resolved in the state court under the doctrine of abstention. The issue in the state court involves the plaintiff's right to a valuation of the debtor's stock held by the plaintiff and the additional right to compel the debtor to buy back such stock at the value determined by the State Judicial Hearing Officer. While a valuation of the stock in question might be required at some future time in this Chapter 11 case, no such valuation proceeding is now pending in this court. Because there are no two parallel proceedings pending between the parties, the doctrine of abstention, as reflected in 28 U.S.C. § 1334 is inapplicable. Even if this court could entertain the plaintiff's abstention request, it would still be necessary to determine first if the automatic stay imposed under 11 U.S.C. § 362(a) should be modified to allow the state court action to proceed in accordance with the doctrine of abstention. *In re Marie Pastor's Morningstar Management, Ltd.*, 109 B.R. 58, 63 (Bankr. S.D.N.Y.1990).

## RELIEF FROM THE AUTOMATIC STAY FOR CAUSE

This case does not present the usual scenario of a secured creditor who seeks relief

from the automatic stay imposed under 11 U.S.C. § 362(a) because its collateral is eroding, or it lacks adequate protection, or the market rate of interest is higher, or the debtor shows little prospect for achieving an effective reorganization. The plaintiff is the estate of a deceased shareholder of the debtor corporation with an unsecured claim to compel the debtor to buy back the equity interest at a valuation amount to be determined by a state Judicial Hearing Officer in a pending state court proceeding.

The plaintiff maintains that cause exists for relief from the stay pursuant to 11 U.S.C. § 362(d)(1) so as to permit the state court valuation proceeding to go forward. The state court litigation involves a state law controversy governed by § 1104–a of the New York Business Corporation Law. The plaintiff's decedent was found to be an "oppressed" shareholder who was frozen out of the family corporation by relatives who took control of the debtor corporation. The plaintiff reasons that judicial economy will be advanced if the plaintiff is allowed to complete the state court valuation proceeding so that a claim for the value of the stock in question could then be filed in this case. A valuation of the plaintiff's equity interest in the debtor is a condition precedent to the plaintiff's right to receive payment for such equity interest. Hence, the plaintiff concludes that it is simply a matter of whether the valuation litigation should be held later in this court or proceed now in the state court before a Judicial Hearing Officer who is thoroughly familiar with the nuances of § 1104–a of the New York Business Corporation Law and who is positioned to complete this valuation proceeding economically and speedily.

On the other hand, the debtor argues that it is directing its efforts towards the promulgation of a plan of reorganization and that its participation in the state court valuation proceeding with the plaintiff will interfere with the debtor's reorganizational efforts because it will be time-consuming, expensive and perhaps undermine the chances for a successful reorganization. Additionally, the debtor notes that the state court valuation proceeding is premature because the debtor says that it is now insolvent and that there is no equity for shareholders at this time so that all parties would be spinning wheels unnecessarily by spending time and funds on an academic effort. Assuming that there is equity available to the debtor's shareholders and that the debtor's stock held by the plaintiff has value, a determination of the precise value of the stock will not mean that the plaintiff will be paid any faster than if the plaintiff awaited the outcome of the debtor's attempts at formulating a plan of reorganization. The plaintiff has not yet filed a proof of claim in this case. Even if the state court valuation proceeding is completed and a value is ascribed to the stock held by the plaintiff, any valuation amount determined in favor of the plaintiff would nonetheless have to be collected through the bankruptcy claims process. *See City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir.1991). Thus, if the equity interests in the debtor are not entitled to receive any distribution in the bankruptcy process, either through a confirmed Chapter 11 plan or as a result of a liquidation following a conversion to a Chapter 7 case, a speedy valuation proceeding in the state court will have been a waste of time, effort and funds.

■ It is generally recognized that during the exclusivity period under 11 U.S.C. § 1121(b) in which a debtor is given the exclusive right to promulgate a Chapter 11 plan of reorganization, an unsecured, unliquidated claimholder should not be permitted to pursue litigation against the debtor in another court unless extraordinary circumstances are shown. *In re Pioneer Commercial Funding Corp.*, 114 B.R. 45, 48 (Bankr.S.D.N.Y.1990). In balancing the harms involved in relief from the stay in order to allow an unsecured claimholder to pursue state court litigation against the debtor in a proceeding connected to or related to a bankruptcy case, the court must consider whether or not the state court litigation would interfere with the bankruptcy case, especially in the light of the interests of judicial economy and the expeditious and economical resolution of litigation. *Sonnax Industries, Inc. v. Tri Com-*

*ponent Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1286 (2d Cir.1990).

 In the instant case, the plaintiff has not established any extraordinary circumstances to justify causing the debtor at this juncture to spend valuable time, funds and effort to complete a state court valuation proceeding which may ultimately be irrelevant and which would interfere with the debtor's efforts to formulate and achieve a successful Chapter 11 plan of reorganization. It is in the economic interests of both the plaintiff and the debtor that this Chapter 11 case succeed. If the continuation of the state court valuation proceeding detracts from the reorganizational process so that the Chapter 11 efforts fail, no equity value will be available to satisfy the interests of any of these parties. The debtor's equity interest will be under water and all parties will drown. To allow the state court proceeding to continue at a time when it is not clear that equity exists for the debtor's shareholders, or that the debtor will be able to succeed in achieving a successful Chapter 11 reorganization, is like throwing a life preserver to a drowning sailor when the life preserver is attached to the sinking ship. The ship must remain afloat if the sailor is to be saved.

Therefore, the automatic stay should continue to protect the debtor from having to litigate in the state court with respect to the valuation of the plaintiff's equity interest until such time when it appears that such an equity interest exists and that a distribution of that equity interest will be available through the bankruptcy process.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(G).

2. The plaintiff has not established extraordinary circumstances justifying relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1) so as to be authorized to proceed to complete a state court stock valuation proceeding with respect to the plaintiff's equity interest in the debtor corporation.

3. The plaintiff's motion for relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1) is denied as premature, without prejudice to renewal, when it appears that the plaintiff possesses a valuable equity interest in the debtor corporation and that the debtor is in a position to buy back the plaintiff's equity interest through a successful Chapter 11 reorganization.

SETTLE ORDER on notice.