**In re Peter M. LEIBOWITZ, Debtor.**

**Bankruptcy No. 92 B 21825.**

United States Bankruptcy Court,
S.D. New York.

Nov. 20, 1992.

Farrauto, Berman, Fontana & Selznick, Yonkers, N.Y., for Emigrant General Contracting Corp.

James V. Simmonds, Yonkers, N.Y., for debtor.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor in this Chapter 13 case counters the movant's relief from a stay motion

with an application for a "strip-down" to deprive the movant of its secured status as a mechanic's lienor and relegate it to an unsecured claimholder not entitled to relief from the automatic stay.

## FINDINGS OF FACT

1. In August of 1990, the movant, Emigrant General Contracting Corp., gutted and rehabilitated the debtor's residence in Yonkers, New York, and obtained and filed a mechanic's lien against the premises on October 15, 1990, when the debtor failed to pay for the construction work.

2. In February of 1991, the movant commenced an action in state court against the debtor for foreclosure of the mechanic's lien and money damages. On May 14, 1992, a jury in the state court rendered a verdict in favor of the movant and against the debtor. On June 2, 1992, a judgment in the sum of $21,535.50 was entered by the movant against the debtor in the Westchester County Clerk's Office.

3. A foreclosure sale of the movant's mechanic's lien was scheduled for September 23, 1992.

4. On September 17, 1992, the debtor filed with this court his petition for relief under Chapter 13 of the Bankruptcy Code.

5. When the movant filed its mechanic's lien against the debtor's premises on October 15, 1990, there were two mortgages then recorded against the debtor's premises. The first mortgage was in the sum of $64,497.78 in favor of the Dime Savings Bank of New York. The second mortgage was in favor of Morris DeLasho in the sum of $26,000.00 for a total of $90,497.78.

6. After the movant filed its mechanic's lien on October 15, 1990, four additional liens were recorded against the debtor's premises, including a third mortgage in favor of Morris DeLasho, recorded on May 20, 1991, in the sum of $34,000.00 and a fifth mortgage in favor of Morris DeLasho in the sum of $14,000.00.

7. The total of all the liens against the debtor's property, including the movant's mechanic's lien, amounts to $174,666.85.

8. The debtor does not dispute the movant's appraiser's testimony that the debtor's residence is worth, at most, between $85,000.00 and $90,000.00.

9. Hence, the first and second mortgages, aggregating $90,497.78 when the movant filed its mechanic's lien, exceed the appraised value of the debtor's premises.

10. In light of the total encumbrances of $174,666.85 against the debtor's premises, it may be concluded without dispute that the debtor lacks equity in his property.

11. The debtor has testified without contradiction that he expects to cure his mortgage defaults in his Chapter 13 plan. He has also testified that he proposes to pay his mortgagees in full in accordance with arrangements arrived at with his mortgagees. Therefore, if these facts are satisfied, an effective Chapter 13 rehabilitation is likely. In such case, the debtor's residence will be necessary for an effective Chapter 13 rehabilitation.

12. In light of the foregoing, the movant may not rely on 11 U.S.C. § 362(d)(2) for relief from the automatic stay. Therefore, the movant must look to 11 U.S.C. § 362(d)(1) in order to obtain such relief.

## DISCUSSION

Contrary to the usual scenario of attempting to prove a positive equity, this Chapter 13 debtor emphasizes his lack of equity as an affirmative defense to the movant's motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d). The debtor maintains that the movant is not the holder of a secured claim because two mortgages recorded prior to the filing of the movant's mechanic's lien exceeded the debtor's equity in the premises. Therefore, the debtor seeks to apply 11 U.S.C. §§ 506(a) and (d) as an affirmative defense.

In order to invoke § 362(d)(1), the movant must establish that cause exists for relief from the stay, including "the lack of adequate protection of an interest in property." The debtor maintains that the movant lacks any interest in his residence because the movant's allowed mechanic's lien is not a secured claim within the meaning

of 11 U.S.C. § 506(a) and is simply an unsecured claim which may be paid at the same rate other unsecured claims will be paid in the debtor's Chapter 13 plan. The determination of secured claims is governed by 11 U.S.C. § 506(a), which provides as follows:

> § 506. **Determination of secured status.**
>
> (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a).

Pursuant to 11 U.S.C. § 506(a), the entire amount of the movant's mechanic's lien is unsecured because the first and second mortgages on the debtor's residence exceed the value of the property, leaving no unencumbered property value for the movant's mechanic's lien to attach.

Continuing with this "strip-down" process, the debtor then invokes 11 U.S.C. § 506(d) to void the movant's mechanic's lien. This section provides as follows:

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void....

11 U.S.C. § 506(d).

The Supreme Court has held that a debtor may not employ the so-called "strip-down" process in a Chapter 7 bankruptcy case to void the undersecured portion of a creditor's lien. *In re Dewsnup v. Timm (In re Dewsnup)*, ── U.S. ──, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). However, the Second Circuit has held that the prohibition in the *Dewsnup* case does not apply to a debtor in a Chapter 13 case, with the result that a Chapter 13 debtor may "strip-down" a secured claim against the debtor's principal residence. *Bellamy v. Federal Home Loan Mortgage Corp. (In re Bellamy)*, 962 F.2d 176 (2d Cir.1992). The *Bellamy* court concluded "that whether, and the extent to which, one holds a secured claim must in the first instance be determined according to § 506(a)." *Id.* at 181 (citation omitted). Therefore, to the extent that the creditor's allowed claim is unsecured under 11 U.S.C. § 506(a), such bifurcated unsecured portion was viewed by the *Bellamy* court as voided pursuant to 11 U.S.C. § 506(d). *Id.* at 183.

In the instant case, the Chapter 13 debtor has demonstrated how the so-called "strip-down" process may be applied as an affirmative defense to a motion for relief from the automatic stay to obtain a determination that the plaintiff lacks an "interest in property" within the meaning of 11 U.S.C. § 362(d)(1). However, the debtor might have achieved a pyrrhic victory because if in some future proceeding all of the allowed secured claims beyond the $90,000.00 top value for his premises are valued as unsecured, there would be an additional $84,666.85 in unsecured claims.[1] The debtor's petition lists $38,300.00 as unsecured non-priority claims. Thus, there could be a total of $122,906.85 in unsecured claims, with the result that the debtor would exceed the $100,000.00 limitation for eligibility in a Chapter 13 case, as expressed in 11 U.S.C. § 109(e). Under these circumstances, the debtor would be unable to confirm a Chapter 13 plan.

---

**1.** An action to determine the validity, priority, or extent of a lien or other interest in property implicates an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(2) and must be commenced in the form of an adversary proceeding. The court entertained the debtor's affirmative defense under 11 U.S.C. § 506(a) and (d) because an application for relief from the stay, which at one time had to be commenced as an adversary proceeding, may now be raised by motion pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(1). In any event, valuation of liens, as distinguished from determining the basis or validity of the lien, may be determined by a motion pursuant to Fed.R.Bankr.P. 3012.

Having ascertained that the movant's mechanic's lien is not an allowed secured claim for purposes of 11 U.S.C. § 362(d), it next must be determined if, nonetheless, cause exists for granting the movant's motion for relief from the stay. The general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief. *Sonnax Industries, Inc. v. Tri Component Products Corp.*, 99 B.R. 591, 595 (Bankr.D.Vt.1989), *aff'd*, 907 F.2d 1280 (2d Cir.1990); *In re Burack, Inc.*, 132 B.R. 814, 817 (Bankr.S.D.N.Y.1991); *In re Pioneer Commercial Funding Corp.*, 114 B.R. 45, 48 (Bankr.S.D.N.Y.1990). Generally, unsecured claims should not be granted relief from the stay because to do so would result in a violation of one of the fundamental concepts of bankruptcy law; that there should be an equality of distribution among creditors. An unsecured claimant should not be entitled to obtain a distributive advantage over other unsecured claimants who are similarly enjoined from seeking distribution by any method other than in accordance with the distributive scheme under the Bankruptcy Code.

Because the movant has not established any extraordinary circumstances which would justify being treated any differently than the debtor's other unsecured claimholders, it follows that the movant's application for relief from the stay should be denied pending a determination as to whether or not the debtor will be able to confirm his Chapter 13 plan. In the event that the debtor is unable to confirm his Chapter 13 plan, or is unable to consummate such plan, or any other creditor obtains relief from the stay to foreclose on the debtor's property, such relief shall also be available to the movant.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(G).

2. The Chapter 13 debtor's residence is necessary to an effective rehabilitation under Chapter 13, and therefore, 11 U.S.C. § 362(d)(2) will not justify relief from the automatic stay, notwithstanding the fact that the debtor lacks equity in the property in question.

3. For purposes of 11 U.S.C. § 362(d)(1), the movant does not have an allowed secured claim against the Chapter 13 debtor's principal residence because the senior secured mortgage claims exceed the value of the property, with the result there is no allowed secured claim available to movant pursuant to 11 U.S.C. § 506(a), and the bifurcated unsecured portion is voided in accordance with 11 U.S.C. § 506(d).

4. Because the movant lacks an "interest in property" for purposes of 11 U.S.C. § 362(d)(1) which may be entitled to adequate protection, the movant must establish that cause exists for relief from the automatic stay with respect to the movant's allowed unsecured claim.

5. The movant has not established the existence of extraordinary circumstances to justify granting the movant's unsecured claim an advantage over those of all other unsecured claims by lifting the automatic stay with respect to the movant's unsecured claim.

6. The movant's application for relief from the automatic stay is conditionally denied, but will be granted if the debtor is unable to confirm his Chapter 13 plan, or is unable to consummate such plan, or if any other creditor obtains relief from the stay to foreclose on the property in question.

SETTLE ORDER in accordance with the foregoing.